UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALLAIN C. ANDRY and ROBERT N. ANDRY**                                            **PLAINTIFFS**

**V.**                                              **CIVIL ACTION NO. 1:06CV756 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**
**and STEVE SAUCIER**                                                              **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it Plaintiffs Allain C. Andry and Robert N. Andry's (the Andrys) motion [6] to remand.  For the reasons set out below, this motion will be granted.

This is an action for losses attributable to property damage sustained in Hurricane Katrina.  Plaintiffs were insured under a homeowners insurance policy (policy number 24-00-1869-3) issued by Defendant State Farm Fire and Casualty Company (State Farm).  This homeowners policy has coverage limits of $367,600 for "Dwelling"; $252,200 for "Dwelling Extension"; and $275,700 for "Personal Property."  The homeowners policy also includes coverage for "Loss of Use."

Plaintiffs were also insured under two flood insurance policies issued by State Farm under the National Flood Insurance Program.  Both flood insurance policies have limits of $250,000 for "Dwelling" and $51,700 for "Personal Property." All three policies covered the plaintiffs' property situated at 309 Sandy Hook, Pass Christian, Mississippi. (Complaint Paragraph 10)

Plaintiffs purchased these policies through State Farm's local agent, Defendant Steve Saucier.  The State Farm homeowners policy contains an exclusion for certain types of damage caused by water, as set out in the policy.  This water damage exclusion includes water damage caused by flooding.

During Hurricane Katrina, the plaintiffs' property (both buildings and contents) sustained substantial damage.  State Farm has paid the policy limits of both flood insurance policies and declined the plaintiffs' claim under the homeowners policy.  Plaintiffs assert that they now have substantial losses that were not covered by their flood insurance policies.  One of the allegations of the complaint is that Saucier failed to procure excess flood insurance despite the plaintiffs' repeated requests for "maximum coverage" over a period of several years.  The plaintiffs charge that Saucier was

negligent in responding to their requests for additional coverage, and they contend that Saucier's negligence led to their having uninsured flood losses.

State Farm has removed this action on grounds of diversity of citizenship, alleging that the plaintiffs have fraudulently joined Saucier in order to defeat diversity jurisdiction.

Fraudulent joinder is an issue on which State Farm has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). State Farm's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

## Allegations of the Complaint

As I appreciate the allegations of the complaint, construed with all inferences favorable to the plaintiffs, the Andrys contend that they made repeated requests over several years to Saucier to secure the maximum coverage possible on their property. The Andrys contend that in addition to the two flood policies State Farm issued there was excess flood insurance available in the market and that Saucier negligently failed to procure this excess coverage or to tell the plaintiffs that this excess flood coverage was available. The plaintiffs content that had they been informed of the availability of excess flood coverage they would not have suffered any uninsured loss from flooding during Hurricane Katrina.

## Standard of Care Applicable to Insurance Agents

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992). This duty of reasonable care exists even where the facts are not such that a fiduciary relationship exists between the insurance agent and the person seeking to purchase coverage.

## Negligent Misrepresentation Under Mississippi Law

Plaintiffs allege that Saucier gave them incomplete or inaccurate information about the amount of contents coverage they could purchase.

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and
5. That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992).  These essential elements may fit one of the plaintiffs' theories of recovery against Saucier.

Of course, the truth of the plaintiffs' allegations; the circumstances in which the events in question transpired; the question of what coverages were discussed and what decisions on coverage were made; and the reasons for these decisions are all questions for the finder of fact to decide after consideration of the evidence supporting the plaintiffs' claims and consideration of the evidence offered by the defense. Likewise the issues related to the standard of care that applies to Saucier and whether his actions met that standard of care are questions that must be answered on a more complete record.  At this juncture, however, for the purpose of deciding whether a fraudulent joinder has occurred, the plaintiffs' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the plaintiffs' claims, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Saucier and State Farm have failed to establish that the plaintiffs have no viable legal theory upon which they may proceed against Saucier under the plaintiffs' version of events.

Accordingly, I will grant the motion [6] to remand.  An appropriate order will be entered.

Decided this 21st day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE